WOHLLEBEN, Respondent, vs. HOME MUTUAL CASUALTY COMPANY, Appellant.

*April 9—May 4, 1954.*

For the appellant there was a brief by *Byrne, Bubolz & Spanagel* of Appleton, and *Lehner, Lehner & Behling* and *Adolph P. Lehner,* all of Oconto Falls, and oral argument by *Adolph P. Lehner.*

For the respondent there was a brief by *Ledin & Ruth* of Ashland, and oral argument by *James M. Ruth.*

FAIRCHILD, C. J.    There can be no serious contention that the evidence did not warrant a finding that plaintiff was free from contributory negligence.

The facts which require holding the driver of the truck responsible because of his failure to exercise ordinary care may be summarized as follows: Plaintiff, her father, who was driving the truck, and the mother were on the seat of the truck. The father was at the wheel, plaintiff next, and the mother on the right. As they left their home, some 350 feet west of the railroad track, which ran north and south, they passed through a gate which was about 50 feet west of the railroad track. This railroad is the Soo Line railroad. The truck approached the railroad crossing. The condition

of the road, although slippery, was as it had been for some time. The speed of the truck, as described by the court in its ruling on the motion for a new trial, was about 10 to 12 miles per hour, as they left the farm home. There was a dip by the gate, where the truck was slowed down to a speed of about five miles per hour. It was thereafter accelerated. The speed attained after the acceleration was not definitely given by the plaintiff, but she stated that in her opinion it was "in excess of five miles per hour." There is evidence that as the truck came nearer to the track, the mother said that the railroad track to the south was clear. It also appears from the evidence that when the truck was half way between the gate and the railroad track, the plaintiff, who had been looking to the south, turned her head and saw the work train coming from the north. The approach of this work train had not been noticed by the father, the driver of the truck, and when the plaintiff told of its approach, the driver applied his brakes, but the truck was then too near the rail, and it skidded onto the crossing, where it was struck by the work train coming from the north.

The question to be resolved is whether the evidence presented sustains the finding that the driver of the truck failed to exercise ordinary care as to lookout. The driver was a constant user of this highway and the crossing where the collision occurred. As he moved east, at certain points in the 50-foot space between his gate and the railroad track over which he had to travel, there were opportunities to see the approaching work train. There was evidence that at 50 feet west of the crossing a flanger sign and whistle post were plainly visible. There was evidence that the flanger sign was 112 feet north from the center of the crossing, and the whistle post about 289 feet. It thus appears that as the truck drew near to the track, the view to the north increased. In

commenting on this phase of the case, in its memorandum opinion, the court said:

"Photographs and a plat received in evidence indicated that when at a distance of 50 feet west of the crossing the flanger sign and whistle post were fully visible. As the distance from the crossing decreased the view up the track to the north became progressively greater. When at a distance of only 15 feet the tracks were visible at least a quarter of a mile, judging from the plat and the photographs, up to where the tracks disappeared around a curve to the east."

There is evidence sustaining the jury's findings that the driver did not see what he might have seen had he looked, and therefore failed to note the approach of the work train from the north until the plaintiff, after completing her observation to the south, called to him to stop. This fixes the responsibility on the defendant's insured. *Bellrichard v. Chicago & N. W. R. Co.* 247 Wis. 569, 20 N. W. (2d) 710. Having reached the conclusion that the finding of negligence as to lookout must be sustained, and that no prejudicial error exists, it is considered that a jury question existed as to the driver's negligence, and the judgment must be affirmed. See also *Waitkus v. Chicago & N. W. R. Co.* 204 Wis. 566, 236 N. W. 531, 237 N. W. 259; *Reinke v. Chicago, M., St. P. & P. R. Co.* 252 Wis. 1, 30 N. W. (2d) 201; *Riley v. Chicago & N. W. R. Co.* 255 Wis. 172, 38 N. W. (2d) 522.

*By the Court.*—Judgment affirmed.